UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXANDER ROY SINCLAIR,

                Petitioner,

   v.

JOHN P. FAIRGRIEVE,

                Respondent.

Case No. C21-5744-LK-MLP

REPORT AND RECOMMENDATION

     Petitioner Alexander Sinclair is confined at the Clark County Jail ("the Jail") in Vancouver, Washington, where he is awaiting trial on unspecified charges. (Dkt. # 8.) In October 2021, Petitioner submitted to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (*Id*.) Though the Petition was somewhat unclear, Petitioner appeared to assert therein that his speedy trial rights had been violated because he was not timely transported to Western State Hospital for evaluation. (*Id*. at 6.) He also appeared to assert that the civil process through which the Jail obtained authorization to involuntarily medicate him was defective, and that the conditions of his confinement at the Jail, including the involuntary administration of antipsychotic medications by Jail staff, violated his constitutional rights. (*See id*. at 6-7; dkt. # 8-1.) Petitioner, in his request for relief, asked that the Court collect information from

REPORT AND RECOMMENDATION - 1

proceedings before the state court, and that the criminal cases pending against him be dismissed or that the charges be reduced to misdemeanors. (Dkt. # 8 at 7.)

After reviewing Petitioner's petition, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed in accordance with the *Younger* abstention doctrine. (Dkt. # 9.) The Court observed in the Order to Show Cause that because Petitioner is awaiting adjudication of his pending criminal charges in Clark County Superior Court, his claim that his speedy trial rights have been violated would necessarily require this Court to become involved in his ongoing state court criminal proceedings. (*Id*. at 2.) The Court went on to explain that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate (*id*. (citing *Younger v. Harris*, 401 U.S. 37 (1971)), and that Petitioner's pleading did not reveal any extraordinary circumstances which would appear to justify this Court's intervention in his ongoing state court proceedings (*id*.).

The Court also advised Petitioner that, to the extent he was complaining about: (1) the civil process by which the Jail obtained authorization to involuntarily medicate him; (2) the manner in which the medication is administered by Jail staff; and/or (3) any other conditions of his confinement that he deemed deficient, his claims were more properly raised in an action under 42 U.S.C. § 1983. (Dkt. # 9 at 2-3.)

Petitioner filed a response to the Order to Show Cause which, like his petition, lacks clarity. (Dkt. # 10.) However, Petitioner appears to reiterate his claim that his speedy trial rights, along with his due process rights, have been violated by the State's failure to provide timely competency evaluation and restoration services. (*Id*. at 1-2.) Petitioner also appears to take issue with this Court's characterization of the process through which the Jail obtained authorization to

REPORT AND RECOMMENDATION - 2

involuntarily medicate him as a "civil" process. (*Id*. at 2-3.) Petitioner maintains that this process was a part of his criminal proceedings, as evidenced by the fact that the case number on the order authorizing involuntary medication is the case number of his criminal proceedings, the judge who signed the order is the judge presiding over his criminal proceedings, and his defense attorney was present at the hearing. (*See id*. at 2-3.) Petitioner argues that the Washington Administrative Code does not allow county jails or jail staff "to do involuntary medication" in a criminal case. (*Id*. at 3.)

None of Petitioner's arguments demonstrate that his intended claims are eligible for federal habeas review. To the extent Petitioner claims that the competency-related delays have violated his speedy trial rights, the Ninth Circuit has made clear such delays are not relevant to the speedy trial inquiry. *Trueblood v. Washington State Dep't. of Soc. and Health Servs.*, 822 F.3d 1037, 1044 (9th Cir. 2016). Moreover, the Ninth Circuit has expressly declined to apply the irreparable harm exception to *Younger* abstention where a pre-conviction federal habeas petition seeks to vindicate a Petitioner's speedy trial affirmative defense. *Bean v. Matteucci*, 986 F.3d 1128, 1134 (9th Cir. 2021); *Page v. King*, 932 F.3d 898, 904 (9th Cir. 2019). Thus, even assuming Petitioner has a viable speedy trial claim, the claim is not properly before this Court at the present time.

To the extent Petitioner claims that competency-related delays also violated his due process rights, it appears the claim is part and parcel of Petitioner's speedy trial claim and is not cognizable here for the reasons discussed above. Even assuming Petitioner's due process claim

REPORT AND RECOMMENDATION - 3

1  can reasonably be deemed separate from his speedy trial claim, Petitioner makes no showing that
2  the irreparable harm exception to *Younger* abstention applies in such a context.[1]
3        Finally, to the extent Petitioner argues that proceedings before the Clark County Superior
4  Court relating to the authorization for involuntary medical treatment and medication by the Jail
5  and the Jail staff were a part of his criminal proceedings, and not a separate civil proceeding, he
6  fails to identify a viable claim for federal habeas relief. Petitioner submitted in conjunction with
7  his federal habeas petition an order entered by the Clark County Superior Court on August 5,
8  2020, that authorized the "Clark County Sheriff's Office/Jail and Medical Staff, and/or Local
9  Hospital" to provide involuntary medical treatment to Petitioner, including the administration of
10 antipsychotic medications. (Dkt. # 8-1 at 1.) Though the order bears the case number of
11 Petitioner's criminal proceedings, the order appears to relate only to matters of Jail
12 administration and not to the underlying competency issues that have apparently stalled
13 Petitioner's criminal proceedings. The involuntary medication order submitted by Petitioner in
14 no way calls into question the validity of his detention but is instead reasonably construed as a
15 challenge to the conditions of his confinement. As previously discussed, such challenges are
16 properly raised in a civil rights action brought under 42 U.S.C. § 1983 and not in a federal
17 habeas action.

---

[1] Petitioner references the *Trueblood* case in his response to the Order to Show Cause and suggests that the case provides support for his due process claim. (*See* dkt. # 10 at 1-2.) While the Ninth Circuit acknowledged in *Trueblood* that pretrial detainees have a due process right to timely competency evaluation and restoration services, nothing in that case, which was filed as a civil rights action under 42 U.S.C. § 1983, suggests that a federal habeas action is the proper forum for Petitioner's due process claim.

REPORT AND RECOMMENDATION - 4

As Petitioner has not identified any viable claim for relief in his petition for writ of habeas corpus, this Court recommends that the petition and this action be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 4, 2022**.

DATED this 4th day of February, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5